FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. |
| v. | ) ) Judge **08 C 100** |
| MADISON ACQUISITION, LLC, an Indiana limited liability company, | ) ) ) Magistrate Judge **JUDGE ST. EVE** **MAGISTRATE JUDGE NOLAN** |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, for a cause of action against Defendant, Madison Acquisition, LLC ("Madison"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, ("MPPAA"), 29 U.S.C. §1001 et seq. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29

U.S.C. §§1132(e)(2) and 1451(d), because the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois. Venue is also proper under the terms of the Pension Fund's Trust Agreement.

## PARTIES

4. Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois  60018.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Madison Acquisition, LLC is a Indiana limited liability company.

8. LMS Contracting, Inc. ("LMS") was an Indiana corporation with its principal place of business located in the State of Indiana.

## CLAIM FOR RELIEF

9. LMS was subject to a series of collective bargaining agreements, executed with Local Union Nos. 26, 92, 100 and 135 affiliated with the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on

behalf of certain of its employees.

10. As of January 27, 2007, LMS was a subsidiary of Madison Acquisition, LLC.

11. LMS and Madison constitute a parent-subsidiary group of trades or businesses under common control as defined by 26 C.F.R. §1.414(c)-2(b)(1).

12. LMS, Madison and all other trades or businesses under common control with the ("LMS Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

13. The LMS Controlled Group is the employer for purposes of the determination of withdrawal liability under Title IV of ERISA.

14. The Pension Fund has determined that on or about January 27, 2007, LMS permanently ceased all covered operations under the Pension Fund, and, thereafter, no member of the LMS Controlled Group was contributing or obligated to contribute to the Pension Fund.

15. Therefore, the Pension Fund determined that the LMS Controlled Group effected a "complete withdrawal" as defined in section 4203 of ERISA, 29 U.S.C. § 1383.

16. As a result of this complete withdrawal, all entities constituting the LMS Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $21,122.76, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

17. On or about September 12, 2007, the LMS Controlled Group, through Madison, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1). The notice and attached invoice notified the LMS Controlled

Group that pursuant to section 4219(c)(5)(B), 29 U.S.C. §1399(c)(5)(B) and Appendix E, section 5(e)(2)(E) of the Pension Plan, that it must discharge its liability in one payment totaling $21,122.76 due on October 1, 2007.

18.   Pursuant to sections 4219 (c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or arbitration.

19.   The LMS Controlled Group has failed to make the withdrawal liability payments to the Pension Fund.

20.   The LMS Controlled Group did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).  Consequently, the withdrawal liability amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**WHEREFORE**, Plaintiffs request the following relief:

(a)   A judgment against Madison, and on behalf of the Plaintiffs, pursuant to section 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b), for:

(i)   $21,122.76 in withdrawal liability principal;
(ii)  interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;
(iii) an amount equal to the greater of doubled interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and
(iv)  attorney's fees and costs;
(v)   post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase

    Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged compounded annually.

 (b) For such further or different relief as this Court may deem proper and just.

    Respectfully submitted,


    /s/ Timothy C. Reuter
    Timothy C. Reuter (ARDC# 06279373)
    Attorney for Plaintiffs
    Central States, Southeast and
    Southwest Areas Pension Fund and
    Howard McDougall, as Trustee
    9377 West Higgins Road
    Rosemont, IL 60018-4938
    (847) 518-9800, Ext. 3481

January 7, 2008