**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 c 0100 |
| v. | ) ) | Judge St. Eve |
| MADISON ACQUISITION, LLC, an Indiana limited liability company, | ) ) ) ) | Magistrate Judge Nolan |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR ENTRY
OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall (collectively "Central States"), move this Court pursuant to Federal Rule of Civil Procedure 55(b) for the entry of an order of default and default judgment against the Defendant, Madison Acquisition, LLC. ("Defendant").

In support of this motion, Plaintiffs state as follows:

1.  On January 7, 2008, Central States filed a complaint against the Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 et seq. (1982), to collect withdrawal liability payment due and owing to Central States as well as interest, liquidated damages, attorney's fees and costs.

F:253115 / 07410033 / 2/13/08        -1-

2.	On January 11, 2008, the Defendant was served with a copy of the complaint and summons. A copy of the summons and return of service for the Defendant is attached as Exhibit A.

3.	The Defendant is in default because it has failed to file an answer or other responsive pleading to the complaint within the time limit prescribed by Fed.R.Civ.P. 12.

4.	The Defendant has failed to make its withdrawal liability payment to Central States. (¶ 11 of Affidavit of Andrew Sprau attached hereto as Exhibit B).

5.	Under 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Central States Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Pursuant to 29 U.S.C. § 1132(g)(2), Central States is entitled to:

>	(i)   delinquent withdrawal liability payments;
>	(ii)  interest on the delinquent withdrawal liability payments;
>	(iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments;
>	(iv)  reasonable attorneys' fees and costs;
>	(v)   and such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Central States Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

6.	Pursuant to 29 U.S.C. §1132(g)(2), the Defendant owes Central States $21,122.76 in withdrawal liability. (¶ 16 of Sprau Aff., Exhibit B).

7.	Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the plan.

8.	Under Central States' Pension Plan, interest is computed and charged at an

annualized interest rate equal to the two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. (¶ 13 of Sprau Aff., Exhibit B)

9. Using this rate, the Defendant owes Central States $737.32 in interest. (¶ 16 of Sprau Aff., Exhibit B).

10. Under 29 U.S.C. § 1132(g)(2), Central States is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the plan. Central States' Pension Plan provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. (¶ 13 of Sprau Aff., Exhibit B).

11. The Defendant owes Central States $4,224.55 in liquidated damages. (¶ 16 of Sprau Aff., Exhibit B).

12. The Defendant owes Central States $660.00 in attorney's fees and $350.00 in costs. (¶¶ 3,4 of Affidavit of Timothy C. Reuter attached hereto as Exhibit C).

13. Pursuant to the terms of Central States' Pension Plan, Central States is entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. *Central States Pension Fund v. Bomar Nat'l Inc.*, 253 F.3d 1011, 1019-20 (7th Cir. 2001). (¶ 17 of Sprau Aff., Exhibit B).

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, request the following relief:

(a)　That Defendant, Madison Acquisition be adjudged to be in default.

(b)　That a default judgment be entered against the Defendant in the following amounts:

| | |
|---|---|
| Withdrawal Liability Principal | $21,122.76 |
| Interest (through 02/15/08) | $     737.32 |
| Liquidated Damages | $  4,224.55 |
| Attorney's Fees | $     660.00 |
| Court Costs | $     350.00 |
| TOTAL | $27,094.63 |

(c)　That the default judgment award Central States post-judgment computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

Respectfully submitted,

/s/ Timothy C. Reuter

Timothy C. Reuter<br>
Attorney for Plaintiffs<br>
Central States, Southeast and<br>
Southwest Areas Pension Fund<br>
9377 W. Higgins Road<br>
Rosemont, IL 60018<br>
(847) 518-9800, Ext. 3481

February 13, 2008

## **CERTIFICATE OF SERVICE**

I, Timothy C. Reuter, one of the attorneys for Plaintiffs, Central States, Southeast and Southwest Areas Pension Funds, certify that I served the foregoing Notice of Motion and Plaintiff's Motion for Entry of Default and Default Judgment on Defendant by mailing said Notice of Motion and Plaintiff's Motion for Entry of Default and Default Judgment to:

> Madison Acquisition, LLC
> c/o James E. Carlberg
> 2700 First Indiana Plaza
> 135 N. Pennsylvania St.
> Indianapolis, IN 46204

Said Notice of Motion and Plaintiff's Motion for Entry of Default and Default Judgment was sent via UPS overnight delivery, tracking number 1Z 395 1X9 22 1010 5775, from 9377 West Higgins Road, Rosemont, Illinois, 60018-4938, this 13th day of February, 2008.

> /s/ Timothy C. Reuter
> Timothy C. Reuter
> One of Central States' Attorneys